Eminent domain; compensable taking. — Fee title to parcels of plaintiffs’ land, one tract being the site of a rock crushing plant, was acquired by defendant through condemnation proceedings in connection with a flood control project in the Missouri Biver Basin. Plaintiffs allege that a substantial market *1128 existed for a by-product of the rock crushing operations, called “fines,” that at the time of condemnation a stockpile of approximately one-half of the fines was unsold, that the cost of moving the stockpile to a replacement site was prohibitively expensive and in excess of the reasonable market value thereof, that no payment for the unsold fines was included in the condemnation judgment nor was an award made therefor, and that accordingly said property was constructively taken by defendant without payment of just compensation. This case came 'before the court on defendant’s motion for summary judgment. Upon consideration thereof, together with the opposition thereto, without oral argument, the court concluded that (a) there has been no compensable taking of plaintiffs’ property but merely a business expense not com-pensable under the Fifth Amendment (see Omnia Commercial Co. v. United States, 261 U.S. 502 (1923), and Southern Counties Gas Co. v. United States, 141 Ct. Cl. 28, 157 F. Supp. 934, cert. denied, 358 U.S. 815 (1958)), and (b) plaintiffs’ claim under the Uniform Relocation Assistance and Land Acquisition Policies Act is not properly before this court because of failure to exhaust administrative remedies. On October 19,1973, by order, the court granted defendant’s motion and dismissed the petition.